UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Karen Dixon | : | CIVIL CASE NO: |
|     Plaintiff | : | 3:15-cv-00691-AWT |
| | : | |
| v. | : | |
| | : | |
| A Better Way Wholesale Autos, Inc. | : | |
|     Defendant | : | SEPTEMBER 13, 2016 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES**

**INTRODUCTION**

The Plaintiff, Karen Dixon, submits the following in support of her motion for an award of supplemental attorney's fees against the Defendant, A Better Way Wholesale Autos, Inc. ("ABW"). Plaintiff seeks an award of $5,400 for the fees and expenses reasonably incurred in opposing ABW's Motion to Vacate and its Motion for Relief from Judgment (the "Motions").

**PROCEDURAL HISTORY AND BACKGROUND**

Dixon filed a demand for arbitration against ABW with the American Arbitration Association on June 5, 2015, concerning the sale, subsequent repossession, and resulting resale of a motor vehicle. Dixon asserted claims under the Truth in Lending Act ("TILA"), the Uniform Commercial Code ("UCC"), the Retail Installment Sales Finance Act ("RISFA") and the Connecticut Unfair Trade Practices Act ("CUTPA").

A hearing was held on December 3, 2015 before Arbitrator Walter W. Kocher. Following a day of testimony and post-hearing briefing by the parties, Arbitrator Kocher

issued an Interim Award on January 26, 2016 finding in favor of Dixon on her claims under TILA, RISFA, UCC and CUTPA.[1]  Thereafter, Arbitrator Kocher set deadlines for Claimant to file a request for damages and attorney's fees and for ABW to object thereto.  After the parties submitted their documents, on February 27, 2016 Arbitrator Kocher entered a final order.[2]

On February 29, 2016, Dixon filed a Motion for Judgment Following Arbitration Award requesting the Court to enter judgment against ABW in the amount of arbitration award of $49,616.72.  The Court granted the Motion on April 1, 2016, and judgment entered in favor of Dixon.

ABW filed the Motions on April 8, 2016. Dixon opposed the Motions, and the Court denied the Motions, leaving the judgment in place.  ABW has appealed the Court's rulings to the Second Circuit Court of Appeals.

Plaintiff now seeks supplemental attorney's fees and expenses in the amount of $5,400.

**ARGUMENT**

    **A.**    ***Dixon Is Entitled to Attorney's Fees***

The Arbitrator ruled that Claimant was entitled to attorney's fees under TILA and CUTPA.  TILA provides at 15 U.S.C. § 1640(a)(3) that a successful litigant is entitled to an award of a reasonable attorney's fee.  The awarding of fees under TILA is mandatory.  *E.g., Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 261 n. 34, 95 S. Ct. 1612 (1975), holding *superceded* by the Civil Rights Attorney's

---

[1] See Exhibit A to Dixon's Motion for Judgment Following Arbitration Award (Doc. 17) dated February 29, 2016.
[2] See Exhibit B to Dixon's Motion for Judgment Following Arbitration Award (Doc. 17) dated February 29, 2016.

Fees Award Act of 1976, 42 U.S.C. § 1988 ("statutes which are mandatory in terms of awarding attorney's fees include . . . The Truth in Lending Act."); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797 (6th Cir. 1996)(fees in a successful Truth in Lending case are mandatory).

A consumer's attorney who prevails on a TILA claim is entitled to compensation not only for trial work but also for necessary post-judgment tasks, appellate work, and fees incurred in retaining the integrity of the fee portion of the award. *Nigh v. Koons Buick Pontiac GMC*, 478 F.3d 183, 188-189 (4th Cir. 2007); *Jenkins v. Missouri*, 127 F.3d 709, (8th Cir. 1997) (§ 1988 case); *Friend v. Kolodzieczak,* 72 F.3d 1386 (9th Cir. 1995) (§ 1988 case); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232 (1st Cir. 1990); *Martinez v. Idaho First Nat'l Bank*, 755 F.2d 1376 (9th Cir. 1985); *Varner v. Century Finance Co.*, 738 F.2d 1143 (11th Cir. 1984); *Dias v. Bank of Hawaii*, 732 F.2d 1401 (9th Cir. 1984); *In re Pine*, 705 F.2d 936, 939 (7th Cir. 1983); *Boncyk v. Cavanaugh Motors,* 673 F.2d 256, 262 (9th Cir. 1981); *Bustamante v. First Fed. Sav. & Loan Ass'n*, 619 F.2d 360, 365-366 (5th Cir. 1980); *Gallegos v. Stokes*, 593 F.2d 372 (10th Cir. 1979); *In re Dillin*, 557 F. Supp. 363, 365 (S.D. Ga. 1983); *Mt. Vernon Mem. Estates, Inc. v. Ward*, 88 Ill. App. 3d 666, 670 410 N.E.2d 995, 998 (1980).

Consequently, a defendant who takes an appeal does so at the risk of incurring all of the consumer's appellate attorney's fees. *See Nigh,* 478 F.3d at 188-189. The same logic and rationale apply to this case, where ABW moved for relief from judgment and sought to vacate the arbitration award that found that ABW had violated TILA and CUTPA. The arbitrator included in his award Dixon's attorney's fees incurred in obtaining that award. Although the parties agreed to arbitrate their claims, the Court

3

has jurisdiction to make this supplemental attorney's fee award. *See Drayton v. New Britain Auto Sales, LLC*, No. 3:06-cv-02015-RNC (D. Conn. Oct. 8, 2008); *Robert Lewis Rosen Assocs. v. Webb*, 473 F.3d 498, 505 (2d Cir. N.Y. 2007) (district court entered supplemental judgment where it was evident from the arbitrator's award that the supplemental relief was contemplated).

## B. Plaintiff Should Be Awarded $5,400 As Supplemental Fees

Claimant has submitted the Declaration of the undersigned attorney supporting the claim for attorney's fees and expenses in the amount of $5,400. Compensation is sought for the work performed in opposing the Motions and in submitting this fee request. Claimant does not seek, as part of this motion, fees associated with the original motion for judgment, addressing the Plaintiff's bankruptcy filing, or the pending appeal.[3] She seeks only fees directly relating to her successful opposition to the Motions.

In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-118 (2d Cir. N.Y. 2007), the Second Circuit clarified the proper analysis for a district court to undertake in exercising its considerable discretion in awarding attorney's fees. A court is to "bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson*[4] factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary

---

[3] Plaintiff does intend to seek supplemental fees associated with the appeal should the Circuit Court sustain this Court's rulings.
[4] *Johnson v. Georgia Highway Exp., Inc*. 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939 (1989).

to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee.'"

Plaintiff submits the Declaration of the undersigned to establish that the experience, reputation, and ability of the undersigned support his claimed hourly rate of $400.  The undersigned has practiced law for 29 years, and he has focused his practice on consumer protection matters for the past 19 years.  He has handled more than 800 cases involving car dealerships during that time.  He is a former and the current chair of the Consumer Law Section of the Connecticut Bar Association. He has served on the national board of directors of the National Association of Consumer Advocates and served for five years as the Treasurer of that organization.  He has also served as the chair of NACA's Connecticut chapter for more than seven years.  He is also a regular presenter at conferences run by it and by the National Consumer Law Center, the National Association of Consumer Advocates, and the Connecticut Bar Association.  In ruling on another attorney' s fee application, United States Magistrate Judge Thomas P. Smith referred to the undersigned as one of the two "preeminent consumer law attorneys", practicing in the District of Connecticut.  *See Negron v. Mallon Chevrolet,* Order on Plaintiff' s Motion for Attorney' s Fees, September 24, 2012, No. 3:08-cv-00182-TPS (D. Conn. 2012).

Recent cases show that the $400 hourly rate is well within the amounts routinely approved by courts for lawyers with comparable experience.  In 2012, United States

5

Magistrate Holly Fitzsimmons surveyed recent cases, noting that many approved hourly rates of $400/hr and more for comparably experienced attorneys, and Judge Fitzsimmons approved rates of $485/hr and $400/hr for attorneys in that case. *Valley Housing Ltd Partnership v. City of Derby,* 802 F.Supp.2d 359 (D. Conn. 2011).

Defendant's counsel's hourly rates and the rates of his staff have been approved in numerous court decisions, many of which have involved claims against auto dealers. *E.g., Bristol v. Lake Pocotopaug Auto, LLC*, No. 3:13cv911JBA (D. Conn. Jun. 27, 2014)(found the hourly rates and hours claimed to be reasonably billed by a "well respected consumer attorney and firm"); *Linsley v. FMS Investment Corp.*, No. 3:11cv00961VLB (D. Conn. June 2, 2014); *Wise v. Cavalry Portfolio Services, LLC*, No. 3:09-cv-00086CSH (D. Conn. Sept. 23, 2013); *Woods, et al v. Prime Auto Group, LLC*, No. 3:13cv161RNC (D. Conn. Mar. 21, 2014); *Cuff, et al v. Connex Credit Union, Inc.*, No. (X07) HHD-CV-11-6027756-S (Conn. Super Ct. Nov. 26, 2013); *Rodriguez v. A Better Way Wholesale Autos, Inc.*, No. UWY-CV-15-6027405S (Conn. Super. Ct. Feb. 1, 2016).

The undersigned's Declaration establishes that he spent 10.6 hours opposing the Motions with a time value of $4,240. Additionally, his paralegal, Lori Miner, spent approximately 7.5 hours in support of these efforts with a time-value of $1,125. Additionally, expenses of $49.53 were incurred due to the need to travel for the status conference scheduled by the court and in preparing the necessary copies of the voluminous documents attached to the Lori Miner affidavit establishing the history of this matter that were not addressed by ABW in the Motions. The total time and expense are slightly in excess of the $5,400 sought by Plaintiff.

**CONCLUSION**

For the foregoing reasons, Dixon is entitled to a supplemental attorney's fee award from ABW in the amount of $5,400.

                PLAINTIFF, KAREN DIXON

      By: /s/ *Daniel S. Blinn*
           Daniel S. Blinn (ct02188)
           dblinn@consumerlawgroup.com
           Consumer Law Group, LLC
           35 Cold Spring Rd. Suite 512
           Rocky Hill, CT  06067
           Tel. (860) 571-0408
           Fax (860) 571-7457

**CERTIFICATION**

I hereby certify that on this 13th day of September, 2016, a copy of the foregoing Memorandum of Law in Support of Motion for Attorney's Fees was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

           /s/ *Daniel S. Blinn*
           Daniel S. Blinn