United States District Court

District of Connecticut (New Haven)

| | | |
|---|---|---|
| Karen Dixon | : | CIVIL CASE NO.: |
| Plaintiff | : | 3:15-cv-00691-AWT |
| v. | : | |
| A Better Way Wholesale Autos, Inc. | : | |
| Defendant | : | SEPTEMBER 29, 2016 |

## OBJECTION TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL ATTORNEY FEES

The Defendant, A Better Way Wholesale Autos, Inc., (Hereinafter referred to as
"ABW" or the "Defendant"), in the above-entitled action objects to the Plaintiff's, Karen
Dixon, (hereinafter referred to as "Plaintiff"), motion for supplemental attorney fees
dated September 13, 2016. The Plaintiff is requesting an additional amount of $5,400 in
attorney fees which is excessive and unreasonable, and such request is premature in
that the matter in question is now before the Appellate Court and Defendant's
contention is that there was in fact no basis for the trial court to find that the Defendant
violated any statute which would have allowed for attorney fees and even if there was a
finding of a violation, the arbitrator found no damages and so attorney fees cannot be
assessed.

## BACKGROUND

On December 3, 2015, the above listed matter went before arbitrator Walter W.
Kocher. A hearing was held, evidence was presented and the arbitrator issued an

interim award dated January 26, 2016, stating that while he found evidence of violations of TILA, CUTPA, RISFA and the UCC, he was unable to determine if the Plaintiff had incurred any actual damages. In fact, his specific finding was, "The record is not sufficiently clear for me to set forth preciously (sic) the statutory and actual damages to which Claimant is entitled under these findings." The arbitrator then went on to order:

> Claimant is to file a compilation of actual damage as well as statutory damages she claims under each of her causes of action.

The arbitrator did not make a finding on damages because there was no basis presented at the hearing for damages. And in addition, while the arbitrator allowed the Plaintiff the opportunity to submit additional evidence and information, he did not afford that same opportunity to Defendant and did not allow the Defendant the opportunity to review or object to the additional evidence presented in denial of its due process. The arbitrator then issued a final award on February 27, 2016 and awarded the Plaintiff damages and attorney fees. Numerous objections and motions were filed by both parties relating to this issues and for these reasons, and others, the matter is now up on appeal. If there were no actual damages suffered by the Plaintiff, as confirmed by the interim award of the arbitrator, then the Plaintiff would not be entitled to attorney fees. The award of attorney fees in the first place was therefore inappropriate and any additional award of supplemental attorney fees would also be inappropriate.

## LAW AND ANALYSIS

The Court in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,* 493 F.3d 110, (2nd Cir. 2007), stated, "We think the better course-and the one most consistent with attorney's fees jurisprudence-is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific variables that we and

2

other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee." "Third and finally, our holding honors the Supreme Court's emphasis on the need to use the approximate market rate for an attorney's services in calculating the presumptively reasonable fee. See *Jenkins*, 491 U.S. at 283, 109 S.Ct. 2463". *Arbor Hill, supra.* at 117-8.

   "In both *Polk* and *Agent Orange*, the touchstone of our analysis was the belief that district courts should award fees just high enough "to attract competent counsel," *Lewis v. Coughlin*, 801 F. 2d 570, 576 (2d Cir. 1986)…("Undercompensation could deny counsel their right to fair and just fees; overcompensation would not be consistent with the need to prevent windfalls.")…Rather, to reiterate, a district court should consider the rate a reasonable, paying client would pay, and use that rate to calculate the presumptively reasonable fee." *Arbor Hill, supra.* at 122. A reasonable paying client would not consider paying an attorney $400 per hour for recovery on a used car case. The client would expend much more money than any anticipated gain. In addition, it would not be unreasonable for the Court to assume that a client in that type of situation

3

would be in the position to negotiate a much lower per hour rate, or negotiate for the use of a lower paid associate as opposed to an attorney with as much experience as counsel appears to have. These are not complicated cases.  The appeal in this matter was brought before the Court because of the actions of the arbitrator, but the underlying issues are not complex.

In a recent matter argued before the Connecticut Superior Court, the matter of _Freeman v. A Better Way Wholesale Autos, Inc.,_ Docket #: HHD-CV-13-6045900-S, decided March 18, 2016, the Court stated, "…the court finds that the requested fee of $400 is somewhat high. The court observes that relatively recent awards of attorney's fees to Attorney Blinn, in particular, have been in the range of $300 to $375 per hour." **(Exhibit A)** In addition, the Court in _Freeman, Id_., stated that, "A rate of $150 per hour is requested for Lori Miner, a paralegal with an associate's degree in paralegal studies and twenty-five years of experience. The court finds that $125 per hour is a reasonable rate for a paralegal with similar training and experience." As a point of interest, it should be noted that the decision in _Freeman, Supra_, is currently being appeal in full by the Plaintiff. In any event, Attorney Blinn should bill at no more than $300.00 per hour and his paralegal's billing rate should be billed at $125.00 per hour at most for any hours legitimately spent on this current matter. Though Defendant believes that even these rates would be high for a reasonable client to pay on this type of matter.

Plaintiff's counsel, Attorney Blinn, in other recent matters involving the same type of litigation, filed a motion to confirm arbitration award and an objection to a motion to vacate an arbitration award, and requested of the court substantially less supplemental attorney fees. In _A Better Way Wholesale Autos, Inc. v. Gause_, Docket #: UWY-CV-

6031850S, counsel requested $2,595.00 in supplemental fees, and in *A Better Way Wholesale Autos, Inc. v. Oteng,* Docket #: UWY-CV16-6031616S, counsel requested $3,060. Included in those requests were estimates for future time counsel anticipated spending on the matters. The estimated time in each supplemental fee motion was 2.5 hours, or $1000.  In the present matter counsel does not include any entries for estimated times for future work, and yet his request for fees is almost double that of the requested amount in the other two pending matters. (**Exhibit B** and **Exhibit C** respectively).

Although Plaintiff's counsel had documented his experience in the submitted memorandum of law, the rate and fees are excessive and should in and of themselves be considered unreasonable. The amount of experience that Plaintiff's counsel claims to have, 29 years of practice handling over 800 similar type cases, should allow him to move quickly through a seemingly uncomplicated case such as this one. Especially in light of the fact that he has recently handled two very similar matter. Although this is a federal case and the other matters are in state court, the underlying issues involve some federal law, such as the Truth in Lending Act, and basic knowledge about the claims associated with the purchase of a used car. This was a consumer claim concerning a used car and the issues raised do not fall outside those expected to occur in this type of case. The Plaintiff's counsel only has to submit a motion to confirm arbitration award and an objection to the application to vacate, as well as an objection to motion for relief from judgment.  As the Court in *Freeman, supra* stated, "But this was not a legally or factually complex case. It was tried in a single day. Its relative simplicity tends to support a reduction in the lodestar amount." Such is the present case.  The

amount of time required by Plaintiff's counsel to draft an objection to the motion to vacate, an objection to a motion for relief from judgment and draft a motion to confirm is excessive, as is the amount of time claimed to have been spent by his paralegal. These are standard motions prepared by Plaintiff's counsel. Defendant is aware of several of these motions drafted in just this year alone by Plaintiff's counsel. There are very few surprises or challenges in these types of consumer law cases and the rate charged and the hours billed are excessive.

In addition, Plaintiff argues that since there was no justification for the award of attorney fees in the first place, the award is contrary to the evidence presented at the hearing and no award of attorney fees should be considered now. The Arbitrator in _A Better Way Wholesale Autos, Inc. v. Oteng,_ matter specifically found that, "[m]any of the entries for the time are excessive. Further, the Arbitrator finds certain entries not reasonably related to, or necessary for, the claims ultimately submitted for the Arbitrator's consideration…Claimant's request for an additional three hours of time estimated for un-described post-award services is also excluded." **(Exhibit D)** The amount of time the Plaintiff's counsel has claimed to have spent on this matter, as well as the time his paralegal has spent, appears to be excessive and is unreasonable, especially in light of the time spent on other similar matters.  In particular, the Defendant draws the Court's attention to, and objects to, the entry dated 4/25/2016 in which Plaintiff's counsel claims to have spent 2 hours at a rate of $400 per hour revising the draft memorandum in opposition to the motion for relief from judgment, or the entry dated 4/29/2016, regarding the 1.4 hours Plaintiff's counsel spent revising the objection

to the motion to vacate. Defendant believes all the entries are unreasonable and excessive.

These cases, when the court relies on the Plaintiff's counsel's requested billing rates, do in fact end up being windfall cases for the attorney with regard to attorney fees in comparison to the amounts generally awarded directly to the consumer.

WHEREFORE, the Defendant respectfully objects to the Plaintiff's Supplemental Motion for Attorney Fees and Costs. The award of attorney fees in the first place was inappropriate and therefore any additional award of supplemental attorney fees would also be inappropriate. In addition, the Plaintiff has failed to meet her burden of proof that the hours billed were reasonable for the services performed, and that the billing rates are reasonable rates to request and demand from a client.

DEFENDANT
A BETTER WAY WHOLESHALE AUTOS, INC.
And BCI FINANCIAL CORPORATION

By:     /s/ Kenneth A. Votre___

Kenneth A. Votre, (ct05981)
8 Frontage Road
East Haven, CT  06512
Phone: 203-498-0065
Fax:  203-821-3595
E-mail:  kvotre@votrelaw.com

United States District Court

District of Connecticut (New Haven)


Karen Dixon                              :        CIVIL CASE NO.:

    Plaintiff                         :        3:15-cv-00691-AWT

    v.                                 :

A Better Way Wholesale Autos, Inc.       :        **AFFIRMATION OF SERVICE**

    Defendant                       :        SEPTEMBER 29, 2016


I, Kenneth A. Votre, make the following affirmation under penalty of perjury:

I hereby certify that on September 29, 2016, the foregoing was electronically filed and served by mail on anyone unable to receive notice of electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive notice of electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this document through the Court's CM/ECF system.


                             */s/ Kenneth A. Votre*
                             Kenneth A. Votre, (ct05981)

# EXHIBIT A

DOCKET NO. HHD-CV-13-6045900 S           :        SUPERIOR COURT
                                         :
SHARAY FREEMAN                           :        JUDICIAL DISTRICT
                                         :        OF HARTFORD
V.                                       :
                                         :
A BETTER WAY WHOLESALE AUTOS, INC.       :        MARCH 18, 2016

## MEMORANDUM OF DECISION RE: MOTION FOR ATTORNEY'S FEES (#136)

The plaintiff, Sharay Freeman, seeks attorney's fees and costs pursuant to the

Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.,

following a court trial in which the court found the defendant, A Better Way Wholesale

Autos, Inc., liable for a violation of CUTPA in connection with its practice regarding the

refund of her deposit. See Memorandum of Decision dated April 1, 2015 (Entry No. 132).

The court awarded the plaintiff $2500 in compensatory damages, $7500 in punitive damages,

and pre- and postjudgment interest. Id. On April 20, 2015, the defendant filed a motion for

reconsideration, which the court denied after a hearing. See Order, Entry No. 133.87. The

plaintiff filed a timely motion for attorney's fees on April 30, 2015, to which the defendant

objected. The plaintiff filed a supplemental affidavit and brief in response to the defendant's

objection. A hearing was held on the motion for attorney's fees on November 23, 2015.

The plaintiff seeks $32,000 in attorney's fees and costs. Her motion was supported by

an affidavit by her counsel, Daniel S. Blinn, to which was attached his billing records for the

case. When the defendant objected that the billing records identified only $19,720 in fees billed by Attorney Blinn and an additional $14,890 in fees billed by others in his office, who were identified only by initials in the billing records, Attorney Blinn submitted a supplemental affidavit identifying three of the individuals who had worked on the case and explaining their qualifications. The plaintiff also submitted an affidavit by Attorney Joanne Faulkner. At the hearing on the motion for attorney's fees, the defendant objected to consideration of Attorney Faulkner's affidavit as hearsay, and that objection was sustained. The court did not consider Attorney Faulkner's affidavit in its consideration of the attorney's fees. The defendant did not object to consideration of Attorney Blinn's affidavit and did not seek to cross examine Attorney Blinn.

The defendant did not take issue with specific items of billing by Attorney Blinn's office, but argued that an award of the requested $32,000 in fees and expenses would be egregiously disproportionate to the actual compensatory damages of $2500 recovered by the plaintiff. The defendant also argued that the fees of $400 per hour for Attorney Blinn and $250 per hour for his associate were unreasonably high, and that the aggregate number of hours spent by plaintiff's counsel in preparing the case for a one-day trial was excessive.

General Statutes § 42a-110g (d) provides in relevant part: "In any action brought by a

2

person under this section, the court may award, to the plaintiff, in addition to the relief

provided in this section, costs and reasonable attorneys' fees based on the work reasonably

performed by an attorney and not on the amount of recovery."  As courts have repeatedly

observed, "The public policy underlying CUTPA is to encourage litigants to act as private

attorneys general and to engage in bringing actions that have as their basis unfair or deceptive

trade practices. . . .  In order to encourage attorneys to accept and litigate CUTPA cases, the

legislature has provided for the award of attorney's fees and costs."  (Citation omitted;

internal quotation marks omitted.)  *Jacques All Trades Corp.* v. *Brown*, 42 Conn. App. 124,

130-31, 679 A.2d 27 (1996), aff'd, 240 Conn. 654, 692 A.2d 809 (1997).  "Whether an award

is to be made and the amount thereof lie within the discretion of the trial court, which is in the

best position to evaluate the particular circumstances of a case. . . .  A court has few duties of

a more delicate nature than that of fixing counsel fees."  (Internal quotation marks omitted.)

*Krack* v. *Action Motors Corp.*, 87 Conn. App. 687, 694, 867 A.2d 86, cert. denied, 273 Conn.

926, 871 A.2d 1031 (2005).

"[T]he initial estimate of a reasonable attorney's fee is properly calculated by

multiplying the number of hours reasonably expended on the litigation times a reasonable

hourly rate. . . .  The courts may then adjust this lodestar calculation by other factors [outlined

3

in *Johnson* v. *Georgia Highway Express. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)]. . . . The *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation." (Footnote omitted; internal quotation marks omitted.) *Carillo* v. *Goldberg*, 141 Conn. App. 299, 317-18, 61 A.3d 1164 (2013).

"The *Johnson* court set forth twelve factors for determining the reasonableness of an attorney's fee award, and they are: the time and labor required; the novelty and difficulty of the question; the skill requisite to perform the legal services properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the 'undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases." *Laudano* v. *New Haven*, 58 Conn. App. 819, 823 n.9, 755 A.2d 907 (2000).

Attorney Blinn's billing records report 136.5 hours spent on this matter by Attorney Blinn (52.5 hours), Attorney Hailey Gallant Rice (39.1 hours), paralegal Lori Miner (40 hours), legal assistant Dora Fernandez (4.3 hours), and an unidentified person, "DS," (0.6

4

hours).  From that time, Attorney Blinn subtracted 21.5 hours, representing essentially all the

time spent in a prior action filed in federal court, which the plaintiff voluntarily dismissed.

The court has carefully reviewed the individual billing entries submitted and has determined

that they involve some apparent duplication of effort (particularly with depositions) and some

excessive time by an associate in preparing for and attending a pretrial conference.  In

addition, some of the work performed by Attorney Blinn's paralegal was secretarial in nature,

such as calendaring court dates and copying documents.  After deducting time for the federal

suit and the additional areas of excessive time just described, the court finds that Attorney

Blinn reasonably expended 46.6 hours in representing the client in this case; Attorney Rice

reasonably expended 24.4 hours; paralegal Miner reasonably expended 29.2 hours on tasks

requiring a paralegal's skill and training; and legal assistant Dora Fernandez reasonably

expended 2.3 hours.

     The court next turns to the appropriate hourly rates to be applied.  In considering

appropriate rates, the court considers Attorney Blinn's affidavit, the court's own knowledge

of the marketplace, and the court's consideration of reported attorney fee awards in similar

cases in recent years.

     Attorney Blinn requests a fee of $400 per hour for his time.  He is a knowledgeable

and well-respected consumer law advocate with more than twenty-eight years of experience. He attests that he has brought over 800 actions involving auto dealerships over the course of his career. While recognizing the value of his knowledge and experience, the court finds that the requested fee of $400 is somewhat high. The court observes that relatively recent awards of attorney's fees to Attorney Blinn, in particular, have been in the range of $300 to $375 per hour. See, e.g., *Gomez v. People's United Bank*, United States District Court, Docket No. 3:10-CV-00904 (CSH), (D. Conn. September 5, 2012) (awarding Attorney Blinn fees at $325 per hour rather than the requested $375 per hour based on survey of other cases); *O'Connor v. AR Resources, Inc.*, United States District Court, Docket No. 3:08CV1703 (VLB) (D. Conn. January 4, 2012) (surveying fees awarded to Attorney Blinn in the range of $300–$362 per hour in consumer cases; awarding fees based on a rate of $325 per hour for representation in a class action). The court finds that $375 is a reasonable hourly rate for Attorney Blinn.

Attorney Rice graduated from the University of Connecticut School of Law in 2012, was admitted to practice in November, 2012, and consequently was in her first and second years of practice when she worked on this case. The court finds that the requested fee of $250 per hour for her time is somewhat high for an associate attorney with less than two years of experience and that a fee of $195 per hour is reasonable.

6

A rate of $150 per hour is requested for Lori Miner, a paralegal with an associate's degree in paralegal studies and twenty-five years of experience. The court finds that $125 per hour is a reasonable rate for a paralegal with similar training and experience. The rate of $95 per hour for Dora Fernandez, a legal assistant with ten years of experience, is approved. The court does not award any fees for "DS," who was not identified in Attorney Blinn's affidavit.

Multiplying the hourly rates that the court finds to be reasonable by the hours the court finds to have been reasonably expended, the court reaches a lodestar figure of $26,101.50 in fees. The court has considered each of the *Johnson* factors for which any evidence was presented and concludes that no adjustment to the lodestar amount is warranted. That is, while some of the *Johnson* factors might warrant an increase in the lodestar amount, others might warrant a reduction. Attorney Blinn represented that the case was taken on a contingency fee basis and further argued that he is one of only two lawyers in the state who would consider taking such a case, because the small amount at issue makes the case undesirable to most attorneys. These factors tend to support an increase in the lodestar amount. But this was not a legally or factually complex case. It was tried in a single day. Its relative simplicity tends to support a reduction in the lodestar amount. Weighing all the factors, the court concludes that the lodestar amount is appropriate.

7

The defendant argues that the attorney's fees are extremely punitive in relation to the modest amount recovered as actual damages and the punitive damages already imposed. The court, however, is guided by the express language of CUTPA, which requires that an award of costs and attorney's fees is to be "based on the work reasonably performed by an attorney and not on the amount of recovery." General Statutes § 42a-110g (d). The purpose of CUTPA's attorney's fee provision is to assure that consumers with modest claims and modest means will be able to find attorneys willing to take on their cases. It is not uncommon, in cases involving fee-shifting statutes, to find that reasonable attorney's fees exceed the damages awarded by a substantial amount. See, e.g., *Krack* v. *Action Motors Corp*., supra, 87 Conn. App. 687 (affirming attorney's fee award of $38,626 where damages were only $9715.10); *Lee* v. *Stanziale*, 161 Conn. App. 525, 128 A.3d 579 (2015) (affirming attorney's fee award of $14,750 where damages were only $4788.01), cert. denied, 320 Conn. 915, __ A.3d __ (2016). Indeed, the Appellate Court has found an abuse of discretion where a trial court has dramatically reduced attorney's fees from the lodestar amount in a CUTPA case. See *Carillo* v. *Goldberg*, supra, 141 Conn. App. 317-18 (reversing trial court's award of $2500 in attorney's fees where the plaintiff testified that he had paid approximately $35,000 in attorney's fees).

8

The court observes, moreover, that a substantial portion of the time expended by the plaintiff's counsel resulted from the defendant's failures and strategic decisions.  First it failed to file a timely answer, which prompted a motion for default for failure to plead; then it failed to respond to discovery requests in a timely fashion, requiring motions for compliance and default; then it failed to move to open the default until the plaintiff had already prepared for a hearing in damages.  After the court issued its decision, the defendant moved for reconsideration and objected to the court's hearing of the motion for reconsideration at the same time as the motion for attorney's fees.  While the defendant certainly had a right to defend the case as it saw fit and to reject the plaintiff's modest settlement offers, the plaintiff's counsel reasonably expended effort to keep the case moving forward and to respond to the defenses when they were proffered.

Finally, the court addresses the plaintiff's request for costs.  After deducting costs associated with the voluntarily dismissed federal action, the plaintiff seeks $1810.03 in expenses.  A substantial portion of the claimed expenses are for such expenses as postage, faxing, copying, and electronic research expenses.  Such expenses are not properly taxable as costs.  See *Taylor* v. *King*, 121 Conn. App. 105, 133-35, 994 A.2d 330 (2010) (no statutory authority for expert witness fees under CUTPA other than fees taxable under General Statutes

9

§ 52-260); *Metcoff* v. *NCT Group, Inc.*, 52 Conn. Supp. 363, 387, 50 A.3d 1004 (2011) (nontaxable costs not available under CUTPA), aff'd, 137 Conn. App. 578, 49 A.3d 292, cert. denied, 307 Conn. 924, 55 A.3d 566 (2012). The plaintiff did not file a bill of costs that identifies properly taxable costs. In the absence of a bill of costs, the plaintiff has failed properly to present her claim for costs, and the court declines to search through plaintiff's counsel's expense records in an effort to determine which expenses might be taxable under the statutes governing costs. Accordingly, the request for costs is denied.

In summary, the plaintiff is awarded attorney's fees of $26,101.50 for the time reasonably expended by her counsel. The request for expenses is denied.

BY THE COURT,

Huddleston, J.

10

# CHECKLIST FOR CLERK

Docket Number _CV13-5045900S_

Case Name _Freeman v. A Better Way_

Memorandum of Decision dated _3/18/16_

File Sealed:  yes_____  no___✓___

Memo Sealed:  yes _____  no___✓___

This Memorandum of Decision may be released to the Reporter of Judicial Decisions for publication. ___✓___

This Memorandum of Decision may **NOT** be released to the Reporter of Judicial Decisions for publication. _____

FILED

\\CO95\Common\Hartford JD Policy Manual\Sealed files\MOD memo.doc

# EXHIBIT B

DOCKET NO.:  UWY-CV-16-6031850S  :           SUPERIOR COURT

A BETTER WAY WHOLESALE        :           J.D. OF WATERBURY
AUTOS, INC.

V.                              :           AT WATERBURY

SHANNON GAUSE                :           SEPTEMBER 16, 2016

<u>DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD,
OPPOSITION TO PLAINTIFF'S APPLICATION TO VACATE ARBITRATION AWARD,
AND MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES</u>

The defendant, Shannon Gause, hereby moves the Court pursuant to Conn.

Gen. Stat. § 52-417, for an order confirming an arbitration award entered on July 26,

2016 and entering judgment in her favor.  Defendant also moves for an award of

supplemental attorney's fees in the amount of $2,595.00, to be paid by the plaintiff, A

Better Way Wholesale Autos, Inc.  In support hereof, the undersigned states as follows:

        1.       On November 2, 2015, Defendant filed a demand for arbitration against A

Better Way Wholesale Autos, Inc. ("ABW") with the American Arbitration Association,

arbitration number 01-15-0005-5445.

**ORAL ARGUMENT IS REQUESTED**

2.     An arbitration was conducted by the American Arbitration Association in accordance with the agreement of the parties with Attorney John R. Gamm serving as arbitrator.

3.     Attorney Gamm entered an Award of Arbitrator on July 26, 2016 in favor of Shannon Gause providing as follows:

     a.   Compensatory damages of $1,279.00;

     b.   Punitive damages of $5,000.00; and

     c.   Attorney's fees of $10,817.02.

Defendant moves this Court for an order confirming the award and for an order of supplemental attorney's fees.  A memorandum of law in support of the motion, and in opposition to the application to vacate the award, and the declaration of the undersigned is submitted herewith.

DEFENDANT, SHANNON GAUSE

By: /s/ Daniel S. Blinn  - 307109
    Daniel S. Blinn
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408; Fax (860) 571-7457
    Juris No. 414047

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing Motion was emailed on September 16, 2016 to all counsel and pro se parties of record, as follows:

Kenneth A. Votre, Esq.
Votre & Associates, P.C.
90 Grove Street, Suite 209
Ridgefield, CT 06877
votrelaw@gmail.com


　　　　　　　　　　　　　　　 /s/ *Daniel S. Blinn*
　　　　　　　　　　　　　　　Daniel S. Blinn

3

# EXHIBIT C

DOCKET NO.:  UWY-CV-16-6031616      :          SUPERIOR COURT

A BETTER WAY WHOLESALE              :          J.D. OF WATERBURY
AUTOS, INC.

V.                                  :          AT WATERBURY

ASHLEY LYNN OTENG, ET AL.           :          SEPTEMBER 15, 2016

### DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD, OPPOSITION TO PLAINTIFF'S APPLICATION TO VACATE ARBITRATION AWARD, AND MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES

The defendants, Ashley Lynn Oteng and Julius Owusu Oteng, hereby move the Court pursuant to Conn. Gen. Stat. § 52-417, for an order confirming an arbitration award entered on July 5, 2016 and enter judgment in their favor.  Defendants also move for an award of supplemental attorney's fees in the amount of $3,060, to be paid by the plaintiff, A Better Way Wholesale Autos, Inc. In support hereof, the undersigned states as follows:

1.      On July 27, 2015, Defendants filed a demand for arbitration against A Better Way Wholesale Autos, Inc. ("ABW") with the American Arbitration Association, arbitration number 01-15-0004-3765.

**ORAL ARGUMENT IS REQUESTED**

2.     An arbitration was conducted by the American Arbitration Association in accordance with the agreement of the parties with Attorney Michael J. Kopsick serving as arbitrator.

3.     Attorney Kopsick entered an Award of Arbitrator on July 5, 2016 in favor of Ashley Lynn Oteng and Julius Owusu Oteng.  See Award of Arbitrator attached to Plaintiff's Application to Vacate Arbitration Award. (Doc. 100.31).

4.     The award provides for the following payments to Defendants:

    a.  Return of $2,000.00 down payment and $1,069.68 in additional payments made under the Retail Installment Contract;

    b.  Consequential damages of $485.00; and

    c.  Attorney's fees of $9,500.

Defendants move this Court for an order confirming the award and for an order of supplemental attorney's fees.  A memorandum of law in support of the motion, and in opposition to the application to vacate the award, and the declaration of the undersigned is submitted herewith.

2

DEFENDANTS, ASHLEY LYNN OTENG AND
JULIUS OWUSU OTENG

By: */s/ Daniel S. Blinn*  - 307109
    Daniel S. Blinn
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408; Fax (860) 571-7457
    Juris No. 414047

<u>CERTIFICATION</u>

    I hereby certify that a copy of the foregoing Motion was emailed on September 15, 2016 to all counsel and pro se parties of record, as follows:

Kenneth A. Votre, Esq.
Votre & Associates, P.C.
90 Grove Street, Suite 209
Ridgefield, CT 06877
votrelaw@gmail.com

    */s/ Daniel S. Blinn*
    Daniel S. Blinn

3

# EXHIBIT D



AMERICAN ARBITRATION ASSOCIATION  |  INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between                    Case Number: 01-15-0004-3765

Ashley Lynn Oteng and Julius Owusu Oteng ("Claimants")
  -vs-
A Better Way Wholesale Autos, Inc. (ABW) ("Respondents")
Santander Consumer USA, Inc.

## AWARD OF ARBITRATOR

I, Michael J Kopsick, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the

arbitration agreement dated March 18, 2015 entered into between the above-named parties, and having been duly

sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

After consideration of testimony and documentary evidence submitted at the arbitration hearing on May 11, 2016, as

well as post-hearing briefs and related pleadings, the Arbitrator makes the following findings:

    (1)      This Award incorporates by reference Claimants' Proposed Findings of Fact Nos. 1-6;

    (2)      ABW provided the Claimants with a Buyer's Guide (Ex. J1), that contained an express, albeit

limited, warranty and became part of the contract (Ex. J3) between the parties;

    (3)      The buyers signed a Purchase Order and Retail Installment Contract ("RIC") (Ex. J5) on March 18,

2015, which included the sixty (60) day, 3,000 mile warranty within the Magnuson-Moss Warranty Act ("the Act"),

and also purchased a service contract (Ex. J4) that excluded, inter alia, certain pre-existing conditions with the

vehicle.

    (4)      The Claimants signed a Form K208 (Ex. J6) with ABW's required disclosure that the vehicle was in

sufficient condition for legal operation on a state highway.  This form stated that the brakes and suspension had

passed inspection, which Claimants acknowledged prior to consummation of the purchase and sale transaction.

Accordingly, the Arbitrator does not find that ABW violated Conn. Gen. Stat. § 14-62g.

    (5)      The Claimants reported a grinding noise with the brakes to ABW almost immediately after delivery.

(6)     ABW made attempts to identify and rectify the brake condition during the sixty (60) day warranty period.

(7)     Claimants also reported issues with the EPC light, stalling, check engine light and air conditioning during the sixty (60) day warranty period.

(8)     For a variety of reasons, including the unavailability of necessary equipment and the Claimants' own schedules, no additional repair or diagnostic work was performed by ABW until May 2015.

(9)     Dissatisfied with the pace, inconvenience and outcome of ABW's repairs, Claimants took the vehicle to Gene Langdon Volkswagon ("Langdon"), whose employees made certain recommendations for repair. Claimants paid Langdon $110.00 for an inspection and diagnosis.

(10)    On June 15, 2015, after the warranty period expired, ABW advised the Claimants that it had identified the brake noise or grinding problem as related to a CV boot (not covered by the service contract or warranty) and diagnosed the AC issue.  ABW did not solve the EPC and check engine light issues at that visit. ABW generated a bill to the Claimants for these services.  After some negotiation, the Claimants ultimately paid $220.00 and the vehicle was released to the Claimants on June 18, 2015.  Thereafter, Claimants continued to hear a brake grinding noise.

(11)    Throughout late June 2015, ABW and the Claimants communicated regarding if, when, and what, ABW would do to further redress and repair, but the further service work was not ultimately performed by ABW.

(12)    Claimants brought the vehicle back to Langdon on July 3, 2015, who confirmed its diagnosis and suggested that certain repairs that had been performed by ABW were done incorrectly.

(13)    On July 13, 2015, the Claimants revoked acceptance of the vehicle (in writing) and the vehicle was returned.

(14)    The Claimants drove the vehicle for several months and for nearly 4,000 miles prior to revocation. There was no evidence that the brakes ever failed or the vehicle failed to restart during the Claimants' ownership.

(15)    The RIC (Ex. J5) was assigned to Santander Bank.

(16)    The Claimants made three payments to Santander Bank.

(17)     The Claimants and Santander Bank ultimately entered into an agreement releasing Claimants from the balance of the RIC and included a provision that they would not pursue return of the three payments from Santander Bank.

<u>In light of the foregoing, the Arbitrator further finds that:</u>

(1)     The Buyer's Guide and purchase order warranty constitute express warranties within the Magnuson-Moss Warranty Act and Conn. Gen. Stat. § 42a-3-313a.

(2)     ABW is a "merchant" within Conn. Gen. Stat. § 42a-2-314 and any attempts to disclaim implied warranties of merchantability are not enforceable under 15 USC

§ 2308 and § 42a-2-316.

(3)     The condition of the vehicle at delivery, and after several attempts by ABW to remedy various conditions, breached these implied and express warranties.

(4)     There was a safety inspection of the vehicle acknowledged by the Claimants before the ultimate acceptance of delivery.

(5)     The evidence and testimony offered does not support a finding that ABW ever knowingly or recklessly misrepresented the vehicle's condition.

(6)     Claimants' revocation of acceptance was justifiable pursuant to Conn. Gen. Stat. § 42a-2-608.

<u>Accordingly, the Arbitrator awards the Claimants:</u>

(1)     Return of $2,000.00 down payment as well as $1,069.68 in additional payments made under the RIC.

(2)     $485.00 as consequential damages.

(3)     The Arbitrator does not find the evidence supports a finding that CUTPA was violated, and therefore, does not award damages under CUTPA, particularly punitive damages.

(4)     Claimants are entitled to attorney's fees and expenses under their state law and the Act's warranty claims.  However, given the nature of the claims and defenses and counsel's ample experience, the Arbitrator finds that many of the entries for the time are excessive.  Further, the Arbitrator finds certain entries not reasonably related to, or necessary for, the claims ultimately submitted for the Arbitrator's consideration.  Specifically, the entries set forth on Respondent's Objection to Claimants' Request for Attorney's Fees Schedule A from July 29, 2015 through

Page 3 of 4

April 18 2016, a portion of the entry on April 26, 2016, and from May 5, 2016 forward, totaling $2,169.00.

Claimants' request for an additional three hours of time estimated for un-described post-award services is also

excluded.  Accordingly, the Arbitrator finds the sum of $9,500.00 reasonable to award to the Claimants for

attorney's fees.

(5)    In addition, The administrative fees of the AAA totaling Two Thousand Two Hundred Dollars and

Zero Cents ($2,200.00), originally paid solely by Respondent (ABW), and the compensation of the arbitrator totaling

One Thousand Five Hundred Dollars and Zero Cents ($1,500.00), originally paid solely by Respondent (ABW) shall

be borne as incurred..

(6)    To the extent other claims are not specifically addressed, they are deemed denied and no damages

are awarded.

This Award is in full settlement of all claims submitted to this Arbitration.  All claims not expressly granted herein
are hereby denied.

_____7/5/16_____
Date

_____
Michael L Kopsick, Arbitrator