UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Karen Dixon | : | CIVIL CASE NO: |
|     Plaintiff | : | 3:15-cv-00691-AWT |
| | : | |
| v. | : | |
| | : | |
| A Better Way Wholesale Autos, Inc. | : | |
|     Defendant | : | JULY 11, 2017 |

## **DECLARATION OF DANIEL S. BLINN**

STATE OF CONNECTICUT     :
                         : ss. Rocky Hill
COUNTY OF HARTFORD :

The undersigned hereby declares under penalty of perjury that:

1. I am over eighteen years of age, and I believe in the obligations of an oath.

2. I am the founder and Managing Attorney of Consumer Law Group, LLC ("CLG"), a private law firm established in 1997, that focuses its practice upon representing consumers against business entities and the advancement of consumer rights and protection matters.

3. I was the trial counsel in this matter, and I have worked closely with Attorney Brian L. Bromberg, who had primary responsibility for the appeal of this matter.

4. This is one of ten cases in which A Better Way Wholesale Autos has appealed from judgments obtained by consumers represented by my firm.

5. Although I have handled appeals on behalf of appellants and appellees, I do not handle appellate work on a regular basis.

6. My office, which consists of myself and one associate attorney, does not

have the resources to defend all of the appeals arising from judgments obtained against A Better Way Wholesale Autos.

7. I therefore recommended to Ms. Dixon that she engage Attorney Brian L. Bromberg as co-counsel.

8. I have co-counseled with Attorney Bromberg for more than ten years on numerous matters in Connecticut and New York.

9. It is common for consumer protection lawyers, most of whom practice in solo or small firm practices, to co-counsel on cases requiring additional resources.

10. Attorney Bromberg and I work together in the same fashion as partners within a larger firm, and that is how we functioned in our handling of this matter.

11. It is CLG's practice for all personnel to make contemporaneous records of work performed on client matters, including the amount of time required and a description of the work. These entries are then entered into the firm's computer billing program.

12. The billing rate for my work described in this affidavit is $400 per hour. The billing rate for my paralegal Lori Miner for her work in preparing this motion and memorandum of law is $150 per hour.

13. I believe that my billing rates, and those of Attorney Bromberg and the staff members at CLG, are comparable to those charged by other Connecticut firms with comparable levels of experience and expertise, and these rates have been approved in prior fee applications by both state and federal courts.

14. Prior to commencing work on this fee motion, I sent an email to Attorney Kenneth Votre regarding the Second Circuit's Summary Order. The email, which

primarily involved a discussion of payment of the judgment amount, also stated:

> Finally, it is our intention to file a motion with the district court seeking supplemental attorney's fees for the cost of appeal and other post-judgment work. If you are interested in avoiding additional litigation costs and would like to discuss an agreement regarding those fees, please let me know by June 30.

15. Although Mr. Votre's office replied to this email, which raised other issues concerning this case, that reply made no reference to the suggestion that the parties resolve the supplemental attorney's fee issue without further litigation.

16. I attach as "Exhibit A" a report showing the work performed in connection with the Appeal.

17. The time entries reflect the work performed by me in representing the Plaintiff in the CAMP Conference and in efforts to settle this case without need for the appeal, which efforts were not successful.

18. The time entries also reflect the work performed by me in furnishing Attorney Bromberg with the information required to handle the appeal, identifying issues to be raised in the reply memoranda, and assisting Attorney Bromberg in preparation of the appellate brief and in preparing for oral argument.

19. I did not attend the argument and am not seeking compensation for additional time spent listening to the recording of the argument or in subsequent discussions with Mr. Bromberg regarding the arguments, the Summary Order, or the Show Cause Order issued by the Second Circuit.

20. It is my considered opinion that the reasonable value of the work performed by me and my firm for work performed in defending the judgment on appeal, collecting the judgment, attempting to resolve the supplemental fee issue, and preparing this motion is $6,095.

21. Filed simultaneously herewith is the Declaration of Brian L. Bromberg showing the work that he performed in connection with the Appeal.

22. I have reviewed Mr. Bromberg's time entries, and it is my considered opinion that the time expended and the hourly rates claimed are reasonable.

23. It is my considered opinion that a total fee of $23,505.82 is reasonable compensation for the work described in this application.

24. This amount includes $287.42 for the portion of the printer's bill that is not allowable in the Verified Bill of Costs, which is sought separately in a bill of costs filed with the Circuit Court. A copy of the Verified Bill of Costs and the bill is attached hereto.

/s/ Daniel S. Blinn
Daniel S. Blinn

**United States Court of Appeals for the Second Circuit**
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

| | |
|---|---|
| **ROBERT A. KATZMANN**<br>CHIEF JUDGE | **CATHERINE O'HAGAN WOLFE**<br>CLERK OF COURT |
| Date: June 28, 2017 | DC Docket #: 15-cv-691 |
| Docket #: 16-2852cv | DC Court: CT (NEW HAVEN) |
| Short Title: Dixon v. A Better Way Wholesale Autos, | DC Judge: Thompson |

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for Karen Dixon, Plaintiff/Appellee

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the Defendant/Appellant A Better Way Wholesale Autos, Inc.

and in favor of Karen Dixon, Plaintiff/Appellee

for insertion in the mandate.

Docketing Fee         N/A

Costs of printing appendix (necessary copies _____ )    N/A

Costs of printing brief (necessary copies 360 Pages @ 0.20 )    $237.00

Costs of printing reply brief (necessary copies _____ )    N/A

I hereby certify that the above Bill of Costs and attached statement are an accurate statement of the taxable costs incurred in this matter.

Daniel S. Blinn
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT 06067
860-571-0408



**PrintingHousePress**

10 East 39th Street, 7th Floor
New York, NY 10016
Phone: (212) 719-0990   Fax: (212) 398-9253

To:   Brian L. Bromberg, Esq.
      Bromberg Law Office, P.C.
      26 Broadway, 21st Floor
      New York, NY 10004

# Invoice #52830

*Please refer to invoice number with Payment*

**If this invoice is being forwarded to a third party for payment, e.g., Insurance Carrier, Law Firm, Client, etc., then please cc: to ar@phpny.com. Thank you.**

| Invoice Date | Net Terms | Appellate Consultant | Court |
|---|---|---|---|
| 3/15/2017 | Net 30 Days | Paul LaMar | Court of Appeals for the 2nd Circuit |

**Karen Dixon v. A Better Way Wholesale Autos, Inc.**
**Appellee's Brief**

| Quantity | Description | Unit Price | Total |
|---|---|---|---|
| 1 | 45 Page Brief - 8 Copies (includes covers & binding) @ | 360.00 | 360.00 |
| 0.5 | Electronic File Production and Review @ | 95.00 | 47.50 |
| 1 | Court Filing @ | 75.00 | 75.00 |

Subtotal: 482.50
Sales Tax: 42.82
Total Invoice Amount: 525.32
Payment Received: 0.00

**Please remit payment by: 4/15/2017**     **Total Amount Due:   525.32**

Tax ID: 13-3771850

18795 PL  70365   (212) 248-7906          Page 1 of 1